Carlisle & Mount Holly Railway Company, Appellant, *v.* Philadelphia, Harrisburg & Pittsburg Railroad Company.

*Railroads—Crossings at grade—Act of June 19, 1871, P. L. 1361.*

On a bill in equity under the Act of June 19, 1871, to regulate the crossing of a railroad by a street railway, the plaintiff has no standing to object that the defendant has no charter right to maintain a steam railroad at the point in controversy, where it appears that the defendant had operated its road for thirty years, ran more than fifty trains a day over it, and that the commonwealth had in numerous instances recognized the validity of the power as originally exercised by the defendants' predecessor in title.

Argued April 30, 1901. Appeal, No. 133, Jan. T., 1901, by plaintiffs, from decree of C. P. Cumberland Co., June T., 1900, No. 9, dismissing bill in equity in case of Carlisle & Mount Holly Railway Company v. The Philadelphia, Harrisburg & Pittsburg Railroad Company. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN and POTTER, JJ. Affirmed.

Bill in equity for an injunction.

The facts appear by the opinion of the Supreme Court.

The court dismissed the bill.

*Error assigned* was in dismissing the bill.

*R. W. Woods* and *E. B. Watts*, for appellant.

*John W. Wetzel*, with him *Conrad Hambleton*, for appellee.

OPINION BY MR. JUSTICE FELL, May 27, 1901:

In another proceeding between the same parties, the Philadelphia, Harrisburg & Pittsburg Railroad Company filed a bill for an injunction to restrain the Carlisle & Mt. Holly Railway Company from crossing its tracks at grade. After hearing the court found that it was practicable to avoid a grade crossing, and awarded an injunction. This is a renewal of the same controversy in another form, the position of the parties as plaintiff and defendant being reversed. The railway company seeks to enjoin any interference with the construction of its roadway by the railroad company on the ground that the latter has no authority under its charter to maintain and operate a steam road at the place where a crossing is desired.

The railroad in this place was built in 1872 by the Miramar Iron Company in good faith under what was believed to be one of its charter powers. It afterwards became the property of the Harrisburg and Potomac Railroad, and by merger and consolidation it is now a part of the Philadelphia, Harrisburg and Pittsburg Railroad. It has been in use for nearly thirty years, and the commonwealth has in numerous instances recognized the validity of the power as originally exercised.

But it is wholly unnecessary to consider the extent of the charter powers of the defendant, or the right of the plaintiff to inquire as to them. The railroad is now in place, and is a part of a line of road over which more than fifty trains pass daily. It cannot be removed except at the suit of the commonwealth. If we were to determine in the plaintiff's favor that as against it the defendant had no legal standing to object, we could not allow a grade crossing of this de facto road without exposing the public to danger and violating the policy of the state as declared by the act of June 19, 1871. The evil would be the same whether the road is there by rightful authority or without warrant of law, and as it would continue to exist, the decision of this right would not entitle the plaintiff to the injunction desired.

The decree is affirmed at the cost of the appellant.